LOWBER<br>*v.*<br>McCOY.

---

## WATTS, GIVENS & CO. *v.* SHROPSHIRE & SON.

Where it appeared that defendants had sold the barge that plaintiffs illegally attached—*Held :* That defendants could not maintain an action of damages for loss of freight, by reason of the illegal seizure.

APPEAL from the District Court of Jefferson, *Burthe,* J.

*Mott & Fraser,* for plaintiffs. *Duncan & McConnell,* for defendants and appellants.

MERRICK, C. J. This suit was commenced by attachment in the parish of Jefferson, upon two acceptances of the defendants. The attachment was levied upon a barge, the Jenny Lind, which was subsequently released by a dissolution of the attachment, it being proven that the defendants were residents of and domiciled in New Orleans, though temporarily absent at the time the attachment issued.

The defendants have set up a reconventional demand, wherein they claim $2,250 damages occasioned by the loss of freight which they would have been enabled to earn under a contract they had made, if the barge had not been seized under the writ of attachment.

GIVENS
*v.*
SHROPSHIRE.

We think with the District Judge, that the defendants had parted with their interest in the barge at the time the seizure was made; hence, they had no right of ownership in the barge to vindicate. The loss of freight was not defendants' loss. It is true that the proof does not show that *actual* delivery had been made by the *Shropshires*' agent, at the time the seizure was made. The witness, *J. M. Savage*, says that the barge was in his possession and under his control, as agent for defendants, and while he was in treaty for the sale of the barge, but before he had made the sale, the defendants telegraphed him from Cincinnati, Ohio, that they had sold the barge to a *Mr. Greer*, of Covington, Ky., and instructed him to deliver the barge to said *Greer's* order; that *Mr. Greer* subsequently gave him an order for the delivery of the barge to *Mr. Emmerson*, the Captain of the steamer Henry Lewis, and that subsequently to receiving the dispatch that the barge had been sold, and before he had received the order for the delivery, the barge was attached in this suit. The vendees took possession of the barge after the dissolution of the attachment.

Whether the dispatch to *Savage* would amount to a constructive delivery, sufficient to defeat the attachment had it been properly levied, is a question not necessary to determine. For it is clear that the mere contract of sale had divested the defendants as between themselves and *Greer* and *Greer's* vendee, of all ownership in the property. C. C. 2431. The subsequent taking of possession by *Greer's* vendee, must relate back to the date of the original sale. As it is not pretended that the vendee complains of any obstacles thrown in the way of the delivery of the barge to him, and inasmuch as the defendants complain only of an injury to their rights of property as owners, we think that the reconventional demand cannot be maintained.

Judgment affirmed with costs.